UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
AKINTUNDE AKINLEYE,
                    Plaintiff,

v.                                            **OPINION AND ORDER**

WESTCHESTER COUNTY DEPARTMENT OF    14 CV 5191 (VB)
CORRECTION and CORRECTION OFFICER
MARCUCEILLI,
                    Defendants.
----------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Akintunde Akinleye, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging defendants violated his constitutional rights while he was incarcerated at Westchester County Jail.

       Currently pending before the Court is defendants' motion for summary judgment. (Doc. #48).

       For the following reasons, the motion is GRANTED in part and DENIED in part.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

       Defendants have submitted briefs, a statement of facts ("SOF"), and affidavits with supporting exhibits, including video footage, and plaintiff has submitted an opposition, which together reflect the following background.

       Because of an incident on January 2, 2014, plaintiff was held in "keep lock" for some period of time at the Westchester County Jail. By January 20, 2014, plaintiff was no longer in "keep lock."

On January 20, 2014, Officer Marcuceilli released other inmates from their cells, but did not release plaintiff. Plaintiff banged on the door of his cell and demanded to be let out. When Officer Marcuceilli eventually released plaintiff from his cell, the two men had an altercation.

Plaintiff testified Officer Marcuceilli became "irate" and "pushed" plaintiff. (Hogan Felix Decl. Ex. A at 24).

Defendants contend plaintiff approached Officer Marcuceilli "in an aggressive manner with fists clenched and using profanity," that plaintiff "came within inches" of Officer Marcuceilli, and that plaintiff "was given a direct order to step back." (SOF ¶ 4). According to defendants, when Officer Marcuceilli "placed his left hand on the center of plaintiff's chest to push him away," plaintiff responded by "rais[ing] both of his fists in front of him as if he was going to fight." (Id.).

Officer Marcuceilli and another officer then brought plaintiff to the ground and placed him in handcuffs.

## DISCUSSION

I.  <u>Summary Judgment Legal Standard</u>

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See <u>Anderson v. Liberty Lobby,</u>

Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted). The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.      Evidence of Excessive Force

Defendants argue the testimony and video evidence show definitively that Officer Marcuceilli did not use excessive force against plaintiff during the altercation on January 20, 2014.

The Court disagrees.

"The test of whether use of force in prison constitutes excessive force contrary to the Eighth Amendment is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

Here, defendants' central argument is that "plaintiff is clearly depicted in the video with his hands raised in clenched fists toward Officer Marcuceilli," and that Officer Marcuceilli "then grabbed [plaintiff] and took him down to the floor and secured him" with the help of another officer "until additional assistance arrived." (Defs.' Br. at 6-7). Defendants rely on "footage from the F 1 Center camera beginning at 8:40:14" for this argument. (Id. at 6).

Defendants are correct that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). However, the evidence here does not blatantly contradict plaintiff's version of events.

The Court has reviewed all of the video submitted by defendants and finds it does not definitively show Officer Marcuceilli used only necessary force. In particular, the video labeled "F1 Ctr Cor" shows what appears to be Officer Marcuceilli pushing plaintiff at approximately 8:40:12. The "F1 Ctr" video, which appears to be the one on which defendants rely, shows events only after this initial push by Officer Marcuceilli. It shows plaintiff with his fists raised,

4

quickly backing away from Officer Marcuceilli, then it shows plaintiff back up further with his hands up in a "surrender" position before Officer Marcuceilli and the other officer bring him to the ground and place him in handcuffs.

This video evidence does not unquestionably show plaintiff was the aggressor as defendants would like the Court to believe. To be clear, it also does not unquestionably show Officer Marcuceilli used excessive force under the circumstances. In other words, it leaves the issue unresolved.

Under these circumstances, summary judgment is inappropriate.

III. Personal Involvement

Defendants argue plaintiff "fails to allege any facts to establish Officer Marcuceilli's personal involvement in any of the decipherable claims in Counts 1-7 and therefore all such claims must be dismissed." (Defs.' Br. at 7).

The Court disagrees.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (internal citations omitted).

Although plaintiff's amended complaint is far from detailed, and its reference to "counts" before each numbered paragraph is somewhat confusing, it is apparent from the amended complaint, plaintiff's original complaint, his opposition brief, and the video evidence submitted by defendants in connection with their motion, that plaintiff alleges a claim of excessive use of force against Officer Marcuceilli. Plaintiff does not sue any other individual defendant, and defendants do not deny that the officer depicted in the video is Officer Marcuceilli.

Accordingly, affording pro se plaintiff "special solicitude," Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988), and liberally construing his submissions, interpreting them "to

raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted), the Court concludes plaintiff's allegations are sufficient—and the video evidence provides sufficient proof at this stage—to survive summary judgment on the issue of Officer Marcuceilli's personal involvement.

IV.   Westchester County Department of Correction

Plaintiff brings claims against the Westchester County Department of Correction ("DOC"). The DOC, however, is an administrative arm of the County of Westchester, and as such, it does "not have a legal identity separate and apart from the municipality, and cannot sue or be sued." Carroll v. City of Mount Vernon, 707 F. Supp. 2d 449, 451 n.2 (S.D.N.Y. 2010) (citation omitted). Plaintiff's claims against the DOC must therefore be dismissed. However, in light of plaintiff's pro se status, the Court construes the complaint as asserting claims against the County of Westchester instead.

A municipality is liable under Section 1983 "when execution of a [municipal] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Here, plaintiff has made no allegations regarding the existence of an official policy that caused him injury and there is no record evidence of such a policy. As a result, no reasonable factfinder could conclude such a policy existed.

Accordingly, DOC is dismissed as a defendant and any intended claim against Westchester County is also dismissed.

V.   Failure to Protect and Deliberate Indifference to Plaintiff's Medical Needs Claims

Defendants argue plaintiff "alleges he was assaulted by another inmate on January 2, 2014," and seek to have any failure to protect claim stemming from that incident dismissed from

6

the case.  (Defs.' Br. at 7).  In addition, they argue plaintiff's claim of deliberate indifference to his medical needs should be dismissed.  (Id. at 8).

The Court does not read plaintiff's amended complaint as including either claim.

First, plaintiff has made clear that, despite the Court's willingness to construe plaintiff's amended complaint as a supplement to his initial complaint, he intended for his original complaint to be "completely replaced by" his amended complaint, and understood his original complaint to be "NULL & VOID."  (Doc. #13).

The amended complaint refers in each numbered "count" to the "second time," then defines "second time" to mean "1/20/201[4], F block 2-3pm."  (Doc. #12 at 4).  The only reference to January 2, 2014, is one sentence stating that the "perpetrators[s] actions began on or about 1/2/201[4], E-block, 2-3pm (1st Time)."  (Id.).  The "1st Time" is not referenced in any of the preceding "counts," i.e., factual allegations.  There is therefore no suggestion in the amended complaint that plaintiff is bringing a separate cause of action related to incidents on January 2, 2014.

Similarly, there is no reference whatsoever to plaintiff's medical treatment in his amended complaint.  Moreover, during his deposition, plaintiff was asked whether he had "any complaints that the medical staff withheld medical treatment from [him] for any reason."  (Hogan Felix Decl. Ex. A at 92).  Plaintiff responded, "No, I don't believe I made that allegation."  (Id.).

Accordingly, because the amended complaint does not include a failure to protect claim related to the January 2, 2014, incident or a claim for deliberate indifference to medical needs, the Court denies defendants' motion as moot on both of these points.

However, to be clear, to the extent plaintiff intended to allege either failure to protect him from inmate attack on January 2, 2014, or deliberate indifference to his medical needs, those

7

claims are dismissed for failure to state a claim. As the Court has indicated, the amended complaint is devoid of any facts supporting those claims.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED in part and DENIED in part.

All claims against defendant Westchester County Department of Correction are dismissed. In addition, any intended claims against Westchester County, and any intended claims for failure to protect plaintiff from inmate attack on January 2, 2014, or for deliberate indifference to his medical needs are also dismissed. Only plaintiff's excessive force claim against Officer Marcuceilli related to the January 20, 2014, incident may go forward.

**Plaintiff and counsel for defendants are directed to appear at a status conference on October 3, 2017, at 12:30 p.m., at which time the Court will set a trial date and a schedule for pretrial submissions.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to (i) terminate the motion (Doc. #48), (ii) terminate defendant Westchester County Department of Correction, and (iii) mail a copy of this Order to plaintiff.

Dated: September 6, 2017
       White Plains, NY

                            SO ORDERED:

                            _____
                            Vincent L. Briccetti
                            United States District Judge